Billy Ray FOX, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–93–1022.

Court of Criminal Appeals of Oklahoma.

Aug. 17, 1994.

determinations must be made in the first instance by the trial court on a more fully developed record.

### ORDER AFFIRMING DENIAL OF POST-CONVICTION RELIEF

Billy Ray Fox, petitioner, was convicted of three counts of Murder in the First Degree While in the Commission of Robbery with a Dangerous Weapon and sentenced to death on each count in Oklahoma District Court, Case No. CRF–85–3343. Judgment and sentence was affirmed by this Court. *See Fox v. State,* 779 P.2d 562 (Okl.Cr.1990), *cert. denied, Fox v. Oklahoma,* 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990). Petitioner is now before us on appeal from denial of post-conviction relief.

Application for post-conviction relief in a capital case is not in itself a new trial or a second appeal. *See* 22 O.S.1981, § 1089; *Smith v. State,* 826 P.2d 615 (Okl.Cr.1992) *cert. denied,* — U.S. ——, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992); *Banks v. State,* 810 P.2d 1286 (Okl.Cr.1991) *cert. denied,* — U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1991). Consideration of an issue decided against petitioner on direct appeal is barred on post-conviction by the doctrine of *res judicata;* consideration of an issue which could have been raised on direct appeal but was not is barred by the doctrine of waiver. *Mann v. State,* 856 P.2d 992 (Okl.Cr.1993); *Stouffer v. State,* 817 P.2d 1275 (Okl.Cr.1991). We will not address those issues raised by petitioner which are barred from our consideration due

to *res judicata* or waiver.[1] We will address the remaining four propositions in the order raised.

■ Petitioner first alleges the District Court Order denying post-conviction relief failed to comply with the post-conviction statutes. Specifically, petitioner complains of the fact the district court did not set forth a full analysis of each of the issues raised. While it is true the trial court summarized the findings and conclusions in a conclusory way, the order is sufficient for appellate review.

■ Next, petitioner argues he was improperly denied an evidentiary hearing on the application for post-conviction relief. The Oklahoma legislature has provided an evidentiary hearing on an application for post-conviction relief shall be held if the application cannot be addressed on the pleadings and record, or if there exists a material issue of fact. 22 O.S.1991, § 1084. Where the application can be addressed on the pleadings and record, or where there does not exist a material issue of fact, the petitioner has no statutory or constitutional right to an evidentiary hearing. *Johnson v. State,* 823 P.2d 370, 373 (Okl.Cr.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1991); *Banks,* 810 P.2d at 1297. In the present case we find the trial court properly denied petitioner's request for an evidentiary hearing.

■ In the third reviewable proposition of error the petitioner argues his statement to police was improperly admitted at trial for it was taken by police in violation of *Miranda*

*v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This argument was rejected on direct appeal. We will address the issue on the merits, for petitioner relies on intervening law, *Minnick v. Mississippi,* 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), to support his argument. *See, James v. State,* 818 P.2d 918 (Okl.Cr.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1214, 117 L.Ed.2d 452 (1991); *Hale v. State,* 807 P.2d 264 (Okl.Cr.1991). The State counters *Minnick* is not on point.

In *Minnick,* questioning by the FBI ceased when the accused requested counsel. After the accused met with counsel the county sheriff reinitiated interrogation. The accused refused to sign a waiver of rights during this interrogation, and ultimately confessed. The Court held that when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney. 498 U.S. at 153, 111 S.Ct. at 491. On direct appeal this Court found the two homicide detectives who left business cards with the appellant, and to whom he later confessed did not reinitiate interrogation. *Fox v. State,* 779 P.2d at 569. Absent reinitiation of interrogation, *Minnick* is not on point.

■ In his final argument Petitioner contends he had ineffective assistance of appellate counsel. This argument warrants careful review, for given the fact the same attorney represented appellant at trial and on appeal, the appellant has not previously had the opportunity for independent, separate, and objective representation of counsel

---

1. Propositions of error barred by waiver include:

V: The State used false and misleading evidence in violation of Mr. Fox's rights under the Eighth and Fourteenth Amendments;

VII: Mr. Fox's constitutional rights were violated when the district attorney's office withheld copies and/or negatives of the pictures taken of the luminal tests performed at the crime scene by the State;

X: Mr. Fox's constitutional rights were violated when the trial court refused to allow him to read into the record certain portions of Fowler's statement to the police (as to the second stage of trial);

XI: Mr. Fox is entitled to make a record rebutting the forensic evidence which placed him at the scene of the crime;.

XII: The attempt by the court to limit 21 O.S. 1981, § 701.12(4) is a violation of the separation of powers.

Propositions of error barred by *res judicata* include:

III: The failure to sever Mr. Fox's trial from Mr. Fowler deprived Mr. Fox of his federal and state constitutional rights and deprived him of a reliable determination of his sentence;

IX: The provisions of 21 O.S. § 701.12(7) are vague and Oklahoma has provided no guidance and has been evaluating the "continuing threat" in an arbitrary manner;

X: Mr. Fox's constitutional rights were violated when the trial court refused to allow him to read into the record certain portions of Fowler's statement to the police (as to the first stage of trial).

through the appeals process. *See, Webb v. State,* 835 P.2d 115 (Okl.Cr.1992). Appellant argues generally:

> ... as to all issues for which this Court found that the trial record was not adequately preserved for direct appeal Mr. Fox should be allowed to present evidence bearing on the failure of trial counsel to adequately preserve the record.

> Similarly, as to issues which were preserved by trial counsel for appeal, but which were not properly presented to this Court, Mr. Fox prays that he should be allowed to present evidence bearing on the failure of appellate counsel to adequately preserve and/or present errors bearing on Mr. Fox's conviction and sentence. (Brief at 21)

We find no issues raised by counsel on appeal to have been deemed by this Court "not adequately preserved for direct appeal". *See Fox v. State,* 779 P.2d 562 (Okl.Cr.1989). Issues preserved but "not properly presented" cover two categories: those issues raised on direct appeal but allegedly not well presented, and those issues not raised. Each issue raised on direct appeal, except one, was "properly presented to the Court", for each was supported by relevant authority. *See Banks v. State,* 810 P.2d at 1290; *Tibbetts v. State,* 778 P.2d 925 (Okl.Cr.1989). The one which was raised without authority was nevertheless addressed on the merits by the Court. Thus, every issue raised was raised sufficiently.

 As to issues not presented, we will not address each on the merits, but will consider whether an otherwise waived issue is evidence of ineffective assistance of counsel. The *Strickland* standard for effective assistance of counsel applies to both trial and appellate counsel under the state and federal constitutions. *Banks v. State,* 810 at 1290; *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland* counsel is evaluated under a two-pronged test: the petitioner must first show counsel's performance was deficient, that is counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and the petitioner must also show the deficient performance resulted in a trial whose result is not reliable. 466 U.S. at 687, 104 S.Ct. at 2064.

 We have considered each of the issues raised for the first time in this appeal, and find none of them satisfy both prongs of the *Strickland* test. We note that the petitioner's claim that the State knowingly used false and misleading evidence is not supported by the record. Petitioner claims the State mislead the jury into believing the white shirt designated State's Exhibit 93 was worn by the petitioner. Testimony regarding the shirt he was wearing on the night of the murders is conflicting. One witness testified he was wearing jeans and a T shirt, but she did not remember the color of the T shirt. Another testified the petitioner wore grey parachute pants and a white shirt "with all kinds of lettering, letters on it." A third testified petitioner wore a white shirt. Uncontroverted testimony established the white shirt designated as State's exhibit 93 was found behind the driver's seat of the petitioner's pick up truck, and it had a straight line smear of blood on it which could have been caused by wiping a knife blade. The trial evidence does not, as petitioner suggest, rule out this shirt as being worn by the petitioner during the commission of the crimes charged.

We find no grounds on which to reverse and remand the trial court denial of post conviction relief.

**IT IS THEREFORE THE ORDER OF THE COURT** denial of post-conviction relief is **AFFIRMED,** and petitioner has exhausted his State remedies.

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles Johnson
CHARLES JOHNSON,
Vice Presiding Judge

/s/ James F. Lane
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge