F I L E D
United States Court of Appeals
Tenth Circuit

JAN 3 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LEON ELLIS, JR.,

      Petitioner-Appellant,

v.

MIKE MULLIN, Warden of the
Oklahoma State Penitentiary,

      Respondent-Appellee,

No. 01-6334
(D.C. No. CIV-97-1117-T)
(W.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **BALDOCK,** and **KELLY**, Circuit Judges.[**]

Petitioner Jerry Leon Ellis, Jr. pled guilty to first degree murder in 1983. He did

not appeal his guilty plea until 1997, when he applied for an appeal out of time in

Oklahoma state court. The state district court denied his application, and the Oklahoma

Court of Criminal Appeals affirmed. Ellis filed a petition for a writ of habeas corpus in

federal district court. The district court denied the petition. Ellis appealed, and we issued

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1(A)(2). The case is therefore
submitted without oral argument.

a certificate of appealability.  We have jurisdiction under 28 U.S.C. §§ 1291 & 2253.  We affirm.

## I.

In October 1983, Ellis and his co-defendants conspired to rob Leroy Johnson.  The co-defendants recruited Ellis to perform the robbery because Mr. Johnson did not know Ellis and thus would not recognize him.  Ellis robbed Mr. Johnson, and shot and killed him during the course of the robbery.

The State of Oklahoma filed an information charging Ellis with first degree murder with malice aforethought.  The State subsequently filed an amended information, charging Ellis and two co-defendants with conspiracy to commit robbery with a dangerous weapon in count one, and first degree felony murder in count two.  Ellis subsequently appeared before the state district court with counsel, waived his preliminary hearing, and pled guilty to the murder charge.  The State dropped the robbery count, and pursuant to a plea agreement, recommended a life sentence.  The state court sentenced Ellis to life imprisonment.

Under Oklahoma law, a defendant whose conviction is based on a guilty plea may pursue an appeal to the Oklahoma Court of Criminal Appeals (OCCA) by petition for a writ of certiorari within ninety days of conviction.  22 Okla. Stat. § 1051.  The defendant must file an application to withdraw the plea in the trial court within ten days of the judgment and sentence.  Okla. R. Crim. App. 4.2(A).  Ellis did not seek to withdraw his

2

plea within ten days nor did he file a petition for certiorari within ninety days.

According to Ellis, the day after sentencing, he saw an article in the newspaper indicating he admitted to being the "triggerman." Ellis claims this was the first time he knew what he had just pled guilty to, and he wanted to appeal immediately. Ellis claims he called his attorney several times during the critical ten-day period to appeal from his guilty plea, but that his attorney would not accept his collect calls from jail. Ellis also presents an affidavit from his mother indicating that Ellis asked her to contact the attorney about an appeal, but that she did not do so out of fear that if Ellis went to trial, he would get the death penalty. Two years later, Ellis filed two pro se requests with the trial court for records from his guilty plea proceedings. The trial court denied both motions.

Over thirteen years after he pled guilty, Ellis filed for post-conviction relief in Oklahoma state district court. A defendant may apply for an appeal out of time by filing a petition in the district court and proving he was denied an appeal through no fault of his own. Okla R. Crim. App. 2.1(E). Ellis requested an appeal out of time, claiming he was denied an appeal through no fault of his own, his guilty plea was involuntary, and his counsel was ineffective. The state court denied the application, finding Ellis offered no reason for failing to timely appeal his conviction and therefore he waived his appeal rights. See 22 Okla. Stat. § 1086. The court also applied laches to bar Ellis' claims. Ellis appealed to the OCCA. The OCCA affirmed, finding Ellis procedurally defaulted all of his claims by failing to appeal within ten days of his guilty plea.

Ellis then petitioned for a writ of habeas corpus in federal district court in Oklahoma. The district court denied the petition. The district court found that Ellis' claims he was denied his right to appeal and his plea was not knowing and voluntary were barred on the independent and adequate state law ground of procedural default. The court found Ellis failed to show cause to excuse his default. The court also rejected on the merits Ellis' claim counsel was ineffective. Ellis appealed, and we granted a certificate of appealability "as to the issues raised in appellant's opening brief."[1]

## II.

"In reviewing a denial of a petition for habeas corpus, we review the district court's conclusions of law de novo and accept its findings of fact unless they are clearly erroneous." Hickman v. Spears, 160 F.3d 1269, 1270 (10th Cir. 1998). "'When the district court's findings are based merely on a review of the state record, however, we do not give them the benefit of the clearly erroneous standard but instead conduct an independent review.'" James v. Gibson, 211 F.3d 543, 550 (10th Cir. 2000) (quoting Smallwood v. Gibson, 191 F.3d 1257, 1264 n.1 (10th Cir. 1999)). Where the defendant is

---

[1] Ellis raised six claims in his opening brief: (1) his claims are not procedurally barred; (2) he was denied an appeal through no fault of his own; (3) ineffective assistance; (4) he established cause for any procedural default because the trial court failed to give him records of his plea; (5) the district court should have conducted an evidentiary hearing; and (6) the state court's reliance on laches, and failure to hold an evidentiary hearing, are not just errors of state law but raise constitutional issues. We resolve claims (1), (2), and (4) in Part III.A. We address claim (3) in Part III.B. Finally, we address claims (5) and (6) in footnote 6.

4

in custody pursuant to the judgment of a State, federal courts will not grant habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

## III.

Ellis first argues the federal district court erred by refusing to consider the merits of his claims that he was denied a right to appeal and his plea was not knowing and voluntary. Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). A state ground is adequate, if the state strictly or regularly follows it and applies the rule evenhandedly to all similar claims. Hickman, 160 F.3d at 1270.

We repeatedly have held 22 Okla. Stat. § 1086 is an independent and adequate state law ground for claims that could have been brought on direct review. See Hale v.

Gibson, 227 F.3d 1298, 1331 n.15 (10th Cir. 2000) (listing cases). Nevertheless, Ellis argues § 1086 is not an adequate state ground in this case because the state courts used circular logic–they rejected his claim that he was denied a direct appeal through no fault of his own because he failed to directly appeal the issue. Yet, how could he directly appeal the fact he was denied his direct appeal? We read the Oklahoma courts' decisions differently than Ellis. The state district court made the factual determination, based on the pleadings and record before the court, that Ellis failed to show he was denied a direct appeal through no fault of his own. See 22 Okla. Stat. § 1084. The OCCA affirmed this finding. Because Ellis procedurally defaulted these issues in state court, Ellis must demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.

## A.

The sentencing court informed Ellis he had a right to appeal from his guilty plea, but did not tell Ellis he had a right to appellate counsel and he had a right to the record at public expense.[2] Ellis contends that because Oklahoma requires its trial courts to inform defendants of these rights, the trial court's failure to do so violates due process and constitutes cause excusing his default. Further, Ellis argues the state court's failure to

---

[2] The district court concluded the state trial court's refusal to provide Ellis records of his plea hearing did not constitute cause for his failure to appeal within ten days because Ellis did not request the records until two years later. Ellis frames the issue slightly different on appeal, arguing that the district court's failure to inform him of his right to the records at the time of his plea constitutes cause.

6

establish a factual basis for his guilty plea also constitutes cause.[3] The federal district court concluded a state court has no constitutional duty to inform a defendant he has these rights, nor are state courts constitutionally required to establish a factual basis for a guilty plea.[4] But none of the cases relied upon by the district court address whether a state court violates due process by failing to abide by the state's <u>own law</u> requiring the court to advise the defendant of certain rights or establish a factual basis for the plea. Nevertheless, we may affirm the district court on any ground supported by the record. <u>United States v. Winningham</u>, 140 F.3d 1328, 1332 (10th Cir. 1998).

"A state's failure to follow its own statutory criminal procedures may, in some circumstances, constitute a deprivation of due process." <u>Martinez v. Romero</u>, 626 F.2d 807, 810 (10th Cir. 1980). If the state court did not follow its own rules, the error will not give rise to habeas relief unless failure to follow the rules also constituted a violation of due process guaranteed by the federal constitution. <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 346 (1980) (denial of state statutory right to have jury decide the sentence violated federal due process). Even if we assume the state court violated federal due process as Ellis

---

[3] At Ellis' plea hearing, the court asked Ellis if he committed the acts in the information, but did not mention what those acts were, nor did Ellis allocute in his own words. Ellis now claims the court should have established a factual basis for the plea, and if the court had done so, he would not have pled guilty to the facts as alleged by the State in the amended information.

[4] <u>See, e.g.</u>, <u>Barber v. United Sates</u>, 427 F.2d 70, 71 (10th Cir. 1970) (federal court need not inform defendant pleading guilty of appeal rights); <u>Freeman v. Page</u>, 443 F.2d 493, 497 (10th Cir. 1971) (federal rule requiring court to establish a factual basis does not apply to States nor does the Constitution mandate state courts to do so).

argues, Ellis still must show prejudice to excuse his procedural default. Coleman, 501 U.S. at 750. To show prejudice, Ellis must show actual prejudice resulting from the errors of which he complains. United States v. Frady, 456 U.S. 152, 167-68 (1982). "More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'" Johnson v. Champion, 288 F.3d 1215, 1227 (10th Cir. 2002) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).

Ellis cannot show prejudice with respect to any of these claims. Ellis does not explain how the trial court's failure to advise him of the right to appellate counsel affected his ability to appeal by himself in a timely manner. The trial court advised Ellis of his right to appeal and the time limit in which to do so, both orally and on the summary of facts form. Even if Ellis did not know he had a right to appellate counsel, he made no effort to appeal on his own. And he does not explain how the failure to inform him of his right to records prevented him from exercising his known right to appeal within ten days.

Ellis also cannot demonstrate prejudice from the trial court's failure to establish a factual basis for the plea. At his plea hearing, Ellis stated under oath that he had reviewed the information with his counsel and that he was pleading guilty to the charges therein. The amended information clearly detailed Ellis' role in the offense, indicating Ellis approached the victim's house alone, robbed and shot him. A general theme throughout Ellis' petition is that his counsel never read him the information or the amended information, so he never knew to what he was pleading guilty. His contentions are belied

8

by the record. Ellis had the amended information twenty days before he pled guilty. He stated under oath counsel had gone over the information with him and that he committed the acts charged therein. We may presume defense counsel explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. Henderson v. Morgan, 426 U.S. 637, 647 (1976). Such a presumption is appropriate here, where Ellis stated under oath that counsel reviewed the information with him. Although Ellis now claims it is unclear from the record which information he pled to, State counsel dropped the robbery count at Ellis' plea hearing. The robbery count was charged only in the amended information. We find no prejudice from these alleged errors.

B.

Ellis next argues his counsel's ineffective assistance constitutes cause and prejudice excusing his procedural default. "Constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." Hickman, 160 F.3d at 1272. Under Oklahoma law, Ellis was entitled to effective counsel during the time period available for appeal from his guilty plea. Id. at 1272-73. Ellis also raises an ineffective assistance claim on the merits. We have held that Oklahoma's procedural rule that ineffective assistance must be raised on direct appeal is not an adequate state ground barring federal review because the rule does not permit the defendant time to develop facts supporting his ineffective assistance claim. Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994). Oklahoma's procedural rule can bar consideration of ineffective assistance claims on

9

habeas review in the limited circumstances where trial and appellate counsel differ and the ineffectiveness claim can be resolved on the trial record alone. See English, 146 F.3d at 1264. These circumstances do not apply to Ellis' case, and thus Ellis' ineffective assistance claim is not procedurally barred. The district court correctly reviewed this claim on the merits, as well as considering ineffective assistance as "cause" for Ellis' procedural default. Because the same legal standards govern Ellis' underlying claim of ineffective assistance of counsel and his burden to show cause for his state law procedural default, we address whether he has shown cause concurrently with the merits of his ineffective assistance of counsel claim.

To prevail on this claim, Ellis must show: (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To satisfy the first prong of this test, petitioner must overcome the strong presumption that counsel rendered reasonable professional assistance. Id. at 690. To satisfy the second prong, Ellis must show "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480. In making this determination, we consider all the information counsel knew or should have known. Id. A "highly relevant factor" in this inquiry is whether the defendant pled guilty, because "a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. In cases when the defendant pleads guilty, "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id.

First, Ellis argues counsel should have appealed because nonfrivolous grounds for appeal existed. He contends the plea was not knowing and voluntary. The record does not support this contention. Ellis appeared with counsel, and his parents attended the plea hearing. Ellis indicated he was aware of his rights, he had gone over the information with his counsel, he was satisfied with counsel's performance, and he had committed the offense charged in the indictment. He filled out and signed a form reflecting this information, and was questioned by the state court judge before the court accepted his plea. Ellis received the benefit of his plea bargain; the State dropped the robbery charge, he was no longer subject to the death penalty, and he received the life sentence he anticipated. Under these circumstances, reasonable counsel would conclude Ellis' plea was knowing and voluntary, and that he had no desire to appeal.

11

Ellis also contends nonfrivolous grounds to appeal existed because under Oklahoma law, the trial court failed to advise him of his appellate rights and failed to establish a factual basis for the plea. Assuming Ellis has articulated nonfrivolous grounds for appeal, we cannot say counsel was ineffective for not initiating an appeal on these grounds under the circumstances. The trial court's failure to advise Ellis of these rights would not have relieved Ellis of a potential death sentence, which he avoided through his plea bargain. Counsel was not unreasonable for assuming, absent any indication from Ellis, that he wished to retain the benefit of his plea agreement and bring an end to the judicial proceedings.[5]

Second, Ellis contends he inquired of counsel about his appeal rights. But Ellis' own contentions show he never made counsel aware of his desire to appeal. He states only that he attempted to call his attorney's office collect from jail. He does not state that

_____

[5] The Roe court imagined an example very similar to this case, in which the Court indicated the attorney would not be ineffective for failing to consult further with his client:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.

Id. at 479 (internal citation omitted).

12

he left messages indicating he wanted to appeal. In fact, Ellis has not included his own affidavit supporting any of his allegations. And his mother states she did not contact counsel. Counsel could not be ineffective for failing to initiate an appeal where he had no indication Ellis wanted to appeal. Had Ellis left a message that he wanted to appeal, for example, we would have a different situation. When we consider whether an attorney was ineffective, our focus is on what the attorney knew at the time. Ellis has failed to demonstrate that his attorney had any knowledge at all of his desire for an appeal, so his attorney cannot be deemed ineffective. We decline to adopt a rule that counsel is per se ineffective for failing to return a defendant's call during the time limit for appeals following a guilty plea where the defendant has made no indication he wants to appeal. See Roe, 528 U.S. at 479-81 (generally rejecting use of per se rules in evaluating counsel's performance as inconsistent with Strickland). Because counsel was not ineffective, Ellis has not shown cause for his default based on counsel's performance. Further, the district court correctly denied Ellis' ineffective assistance claim on the merits.

C.

Because Ellis has failed to show cause and prejudice, he cannot overcome his procedural default unless refusing to consider his claims would result in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice, Ellis must make a "colorable showing of factual innocence." Hickman, 160 F.3d at 1275 (internal quotation and citation omitted). Ellis offers no evidence tending to show his innocence. He simply

13

argues that he pled guilty to a crime he did not commit to avoid the death penalty. By Ellis' own argument throughout his brief, however, he thought he was pleading guilty to the first information, as opposed to the amended information. The first information alleged murder in the first degree with malice aforethought. Further, at his plea hearing he stated under oath that he committed the acts alleged in the information, which he stated he had gone over with his attorney. The amended information clearly alleges Ellis approached Johnson's house alone, robbed, and shot the victim. Ellis pled "guilty," not nolo contendre. He has not made a colorable claim of factual innocence. Thus, the district court correctly held Ellis procedurally defaulted the claims he was denied a right to appeal and his plea was not knowing and voluntary.[6]

---

[6] Ellis also claims the federal district court erred by failing to hold an evidentiary hearing on his ineffective assistance of counsel claim. Ellis is not entitled to an evidentiary hearing unless he meets his burden of alleging facts which, if proved, would entitle him to relief. Brecheen, 41 F.3d at 1362. Assuming Ellis' allegations are true, he cannot demonstrate counsel was ineffective, as discussed above. The federal district court did not need an evidentiary hearing to make this determination.

Finally, Ellis argues the state court erred by applying laches to his case, and the state court should have conducted an evidentiary hearing to determine whether he was denied an appeal through no fault of his own. The federal district court concluded Ellis stated no cognizable federal claim with respect to these issues. We agree. Ellis identifies no federal claim relating to the court's application of state laches law to his case. As to the evidentiary hearing, Oklahoma law requires a state court to hold an evidentiary hearing to determine if the defendant was denied an appeal through no fault of his own only "[i]f the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact." Okla. Stat. Ann. tit. 22, § 1084; Fox v. State, 880 P.2d 383, 385 (Okla. Crim. App. 1994) (where court can address application for post-conviction relief on the pleadings and record, or where a material issue of fact does not exist, petitioner has no statutory or constitutional right to an evidentiary hearing). The state courts followed their own procedures, and thus did not violate due process, by

14

AFFIRMED.

                                       Entered for the Court,


                                       Bobby R. Baldock
                                       Circuit Judge

---

deciding the matter on the basis of the records and pleadings.