**Wanda Jean ALLEN, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–95–259.**

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1995.

Steven M. Presson, Robert W. Jackson, Appellate Defense Counsel, Oklahoma Indigent Defense System, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General, Sandra D. Howard, Assistant Attorney General, Chief, Criminal Appeals, Oklahoma City, for Respondent.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner Wanda Jean Allen appeals to this Court from the denial of post-conviction relief by the District Court of Oklahoma County, Case No. CRF–88–6621. At the conclusion of a jury trial, Petitioner was convicted of first degree murder. After finding the presence of two aggravating circum-

stances—that Petitioner had been convicted of a felony involving the use or threat of violence; and she posed a continuing threat to society—the jury recommended Petitioner be sentenced to death. This Court affirmed the convictions on direct appeal, and certiorari was denied by the Supreme Court of the United States. *Allen v. State*, 871 P.2d 79, (Okl.Cr.), *cert. denied*, —— U.S. ——, 115 S.Ct. 370, 130 L.Ed.2d 322 (1994).

Petitioner raised four propositions of error in her application presented to the trial court. Those were: (1) she was denied effective assistance of trial counsel; (2) the trial court erred in refusing to define "life without parole"; (3) the giving of a flight instruction denied her her right to due process; and (4) the jury in the second stage was impermissibly tainted by its first-stage decision finding her guilty of felonious possession of a firearm. In the application, she also requested an evidentiary hearing to prove her claims.

The trial court denied relief in an order filed March 10, 1995. Petitioner appeals that denial to this Court, adding as a fifth and final proposition that the district court violated her due process rights by failing to conduct an evidentiary hearing.

■ As the post-conviction procedure is not intended to be a second direct appeal, *Fox v. State*, 880 P.2d 383, 385 (Okl.Cr.1994), this Court does not consider an issue which was raised on direct appeal (and is therefore *res judicata*), or an issue which could have been raised on direct appeal but which was not (and is therefore waived). *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

■ After thoroughly reviewing Petitioner's brief and the State's response, we have determined the following: Petitioner's second proposition[1] is waived because it could have been raised on direct appeal but was not. Petitioner's third proposition[2] is like-

---

1. The trial court's failure to define the term "life without parole" violated Wanda Jean Allen's Fourteenth Amendment due process rights.

2. The giving of OUJI–CR 806, the "flight instruction," violated Wanda Jean Allen's constitutional rights to due process of law and impermissibly shifted the burden of proof from the State to her.

wise waived because it could have been raised but was not. Petitioner's fourth proposition [3] is also waived for the same reason. The fact this Court reversed the firearms conviction in no way precluded Petitioner from raising the same issue on her direct appeal.

 In her first proposition, Petitioner claims trial counsel was ineffective for failing to raise a question as to Petitioner's competency and for failing to conduct a psychological evaluation of her and present evidence of that evaluation as mitigation evidence at trial. A portion of this allegation of error was addressed in Petitioner's direct appeal, where she claimed counsel was ineffective for failing to investigate her life history to discover readily available mitigating evidence. To that extent, the issue is *res judicata.* The claim counsel was ineffective because he failed to raise a question as to Petitioner's competency could have been raised on direct appeal, based on the same evidence. To that extent, it is waived for failure to present on direct appeal.

Petitioner claims this Court's refusal to grant an evidentiary hearing for direct appeal counsel to further delve into the competency issue renders it an issue which could not have been raised on direct appeal. Petitioner fails to recognize this Court in her direct appeal specifically addressed the issue in the form of affidavits presented to this Court with the direct appeal brief. *Allen,* 871 P.2d at 99. We find nothing substantially new in her latest affidavit dealing with this issue which was presented to the district court as a part of the Application for Post-Conviction Relief.

 In the alternative, Petitioner claims counsel was ineffective on direct appeal for failing to raise this claim. The test for ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner bears the burden of showing both that counsel's performance was deficient and that such deficient performance prejudiced her. *Id.* at 687, 104 S.Ct. at 2064. When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. *Id.* at 697, 104 S.Ct. at 2069. To meet both the deficient performance and prejudice prongs, Petitioner must establish that her direct appeal counsel failed to raise issues warranting reversal, modification of sentence or remand for resentencing. *Hooks v. State,* 902 P.2d 1120 (Okl.Cr.1995). Also, an appellate counsel is under no obligation to raise every non-frivolous issue which could be raised. *Castro v. State,* 880 P.2d 387, 389 (Okl.Cr.1994). Accordingly, although the issue itself is waived, we examine it only insofar as it is necessary to determine whether, had appellate counsel raised it on direct appeal, reversal or modification would be warranted.

We need not determine whether direct appeal counsel's performance was substandard by failing to raise this claim on direct appeal, as Petitioner cannot show prejudice. We are concerned here with Petitioner's competency to stand trial. "Competency" is defined in Section 1175.1 of Title 22 as the "present ability of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him and to effectively and rationally assist in his defense."

We have carefully examined the affidavit of Dale G. Watson, a licensed clinical psychologist from Pinole, California. The affidavit, which was attached to the original application filed in the district court, discusses in some detail various aspects of Petitioner's

Although *Mitchell v. State,* 876 P.2d 682 (Okl.Cr. 1993) had not been decided at the time Appellant filed her direct appeal, other caselaw on which she bases her argument was in existence. Furthermore, this Court has previously decided *Mitchell* did not apply retroactively to claims raised for the first time on post-conviction. *Smith v. State,* 878 P.2d 375, 378 (Okl.Cr.1994).

3. The jury, in considering whether Wanda Jean Allen posed a continuing threat to society, was tainted by its earlier decision, later reversed, convicting her of being in possession of a firearm after former conviction of a felony. Thus, Wanda Jean Allen's sentence violates her Eighth and Fourteenth Amendment rights.

mental capacity and history, but deals little with whether she is competent as defined by our statutes. Indeed, in the first page of his affidavit, Dr. Watson states that the "purpose of this evaluation was to determine if neuropsychological or psychiatric dysfunction or deficits were present and to specify the degree, nature and effect of any such impairments, including the impact of such dysfunction upon her behavior in the crime for which she has been convicted" (O.R. 102). Nowhere in the affidavit does Dr. Watson allege Petitioner did not understand the nature of the charges and proceedings brought against her. Language in the affidavit indicates she does. For instance, her reading comprehension falls at approximately the eighth-grade level—the same level, as Dr. Watson notes, at which the *Miranda* warnings are written (O.R. 107). Dr. Watson also noted any impairments she might have had "are not so profound as to render her incapable of understanding language" (O.R. 108).

Concerning her ability to effectively and rationally assist in her defense, the psychologist mentions almost in passing at the end of his affidavit that due to the high level of "distress" Petitioner was experiencing at the time of her trial, it was "entirely possible" she could not adequately assist her attorney (O.R. 114). However, other portions of his affidavit do not support that. The psychologist states that—because Petitioner can be more intensely emotional than other people—she avoids emotional stimulation (O.R. 111). In other words, she tends to compensate in "distressful" times. As noted above, she was capable of communication with her attorney, as she understood the language and performed normally in following instructions (O.R. 108). He also noted Petitioner was a

"sweet and personable" individual who was "cooperative, and worked diligently on all tasks" (O.R. 104). He also commented her thinking was "goal directed" (O.R. 104). All these characteristics rebut her assessment she was incapable of working with her attorney in her defense.

A defendant is presumed to be competent. 22 O.S.1991, § 1175.4. Based on Dr. Watson's affidavit, we do not think Petitioner could have created a doubt in the court's mind she was incompetent. 22 O.S.1991, § 1175.2. But even assuming she could have passed that threshold, she could not have rebutted the presumption of competency which would have attached to any post-examination competency hearing.[4] She can therefore show no prejudice by trial counsel's failure to raise the issue before trial, or by appellate counsel's failure to raise the issue on direct appeal.

Having reviewed the issue to the extent necessary to determine competence of counsel on direct appeal, and having found nothing to indicate counsel was incompetent, we find Petitioner's first proposition of error to be without merit.

■■■■ In her fifth proposition, Petitioner complains the district court erred in failing to hold an evidentiary hearing on her request for post-conviction relief. Evidentiary hearings at the post-conviction relief level must be held only when there exists "a material issue of fact." 22 O.S.1991, § 1083(b). However, the district court can receive proof by affidavits, depositions, oral testimony or other evidence, which it did. 22 O.S.1991, § 1084.[5] Here, we find nothing "which required proof not contained in those records" before the district court. *Johnson v. State,*

---

4. Oklahoma law requires a defendant to rebut the presumption of competency by clear and convincing evidence. *Cooper v. State,* 889 P.2d 293, 306 (Okl.Cr.1995). We are aware certiorari has been granted by the United States Supreme Court to determine whether our statute's "clear-and-convincing" standard required to rebut that presumption violates due process. *See* —— U.S. ——, 116 S.Ct. 282, 133 L.Ed.2d 202 (1995). As of the time this was being decided, this question had not been resolved. In this instance, it makes no difference whether the clear-and-convincing standard is used, or whether Petitioner could rebut the presumption by a mere preponderance

of the evidence (which has withstood constitutional scrutiny; *see Medina v. California,* 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992)). In either case, we do not find sufficient evidence to rebut the presumption of competency.

5. Petitioner's post-conviction application was filed before November 1, 1995. It therefore falls under the older version of 22 O.S. § 1089. *See* 22 O.S.Supp.1995, § 1089; 22 O.S.Supp.1995, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 9.7.

823 P.2d 370, 373–74 (Okl.Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992). And since an evidentiary hearing is not otherwise required, *Id.* at 373, the district court did not err in deciding the claims without an evidentiary hearing. *See also Moore v. State,* 889 P.2d 1253, 1258 (Okl.Cr.1995); *Sellers v. State,* 889 P.2d 895, 898 n. 22 (Okl.Cr.1995); *Fox v. State,* 880 P.2d at 385.

We therefore **AFFIRM** the district court's denial of post-conviction relief.

**IT IS SO ORDERED.**

JOHNSON, P.J., and STRUBHAR, J., concur.

CHAPEL, V.P.J., and LANE, J., concur in results.