David Jay BROWN, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–95–868.

Court of Criminal Appeals of Oklahoma.

Jan. 9, 1997.

Randy A. Bauman, Deputy Division Chief, Capital Post Conviction, Oklahoma Indigent Defense System, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General, Sandra D. Howard, Assistant Attorney General, Chief, Criminal Appeals, Oklahoma City, for Respondent.

LUMPKIN, Judge.

Petitioner David Jay Brown appeals to this Court from the denial of post-conviction relief by the District Court of Grady County, Case No. CF–88–45. At the conclusion of a jury trial, Petitioner was convicted of Murder in the First Degree (21 O.S.Supp.1982, Sec. 701.7). After finding the presence of one aggravating circumstance—the existence of a probability Appellant would commit criminal acts of violence that would constitute a continuing threat to society (21 O.S.1981, Sec. 701.12(7))—the jury recommended punishment of death. This Court affirmed the conviction on direct appeal, and certiorari was denied by the Supreme Court of the United States. *Brown v. State,* 871 P.2d 56 (Okl.Cr. 1994), *cert. denied,* 513 U.S. 1003, 115 S.Ct. 517–18, 130 L.Ed.2d 423 (1994)

## I.

Petitioner raised the following propositions of error in his application to the district court: (1) ineffective trial counsel (failure to present mitigating evidence); (2) ineffective trial counsel (allowing Petitioner to be absent from the second stage of the trial; failing to object to manufactured, highly prejudicial testimony at trial, and subsequent use of that manufactured testimony; failure to properly pursue a change of venue; failing to impeach the testimony of Jerry Clark; failing to impeach the testimony of Ann McGuire; failing to object to other crimes evidence; failing to object to the inclusion of first-stage evidence in second stage; failing to request an instruction on second degree murder; failing to object to the prosecutor's inflammatory,

highly prejudicial demonstration); (3) improper withholding of a report by the Oklahoma State Bureau of Investigation consisting of an interview with Inez Baker. (5)[1] ineffective appellate counsel (failing to contest the admission of unadjudicated crimes for continuing threat; failing to contest the use of a flight instruction; Oklahoma's sentencing scheme does not adequately narrow the class of those eligible for the death penalty; other developments in criminal jurisprudence and scientific analysis of the death penalty proves it is ineffective punishment; lethal injection is cruel and unusual punishment); (6) cumulative error effect. In the application, he also requested an evidentiary hearing to prove the claims. Petitioner also filed a motion for discovery, citing as authority 22 O.S.Supp.1994, §§ 2001–2002. The record also shows Petitioner himself filed a *pro se* motion for appointment of an expert witness.

The district court granted the State's motion for summary judgment and denied all requests for relief in an amended order dated July 28, 1995, and filed the same day.[2] The district court held all complaints waived except that of ineffective appellate counsel. No evidentiary hearing was held. Petitioner appeals that denial to this Court, setting forth the following propositions: (1) ineffective trial counsel (combining allegations set forth in the first two propositions presented to the district court); (2) ineffective appellate counsel (based on same allegations as those presented to district court); (3) improper withholding of a report by the Oklahoma State Bureau of Investigation consisting of an interview with Inez Baker; (4) an allegation Petitioner was precluded from receiving a fair trial because racial prejudice caused a juror to violate his oath; (5) cumulative error dictates reversal; (6) the district court erred in denying his motion for discovery; (7) the

---

1. The application to the district court did not contain a fourth proposition.

2. We also note the following pertinent dates: the Petition in Error was filed on August 28, 1995. On September 15, 1995, Petitioner filed a motion to hold his appeal in abeyance. This Court denied the motion on October 17, but gave Petitioner 30 days in which to file his brief. On October 20 and November 16, Petitioner filed additional

motions for extensions of time. This Court ordered a show cause hearing to be held; after which, on December 13, 1995, we gave Petitioner until January 19, 1996, to file the brief. The brief was filed on that date. Respondent on February 8, 1996, filed an extension request (granted February 26), and filed the brief on February 26, 1996. Petitioner filed a reply brief on March 11, 1996.

district court erred in denying the motion for an evidentiary hearing; (8) the district court erred in denying Petitioner's *pro se* motion for a scene reconstruction expert.

## II.

The post-conviction procedure is not intended to be a second direct appeal. *Mayes v. State,* 921 P.2d 367 (Okl.Cr.1996); *Allen v. State,* 909 P.2d 836, 838 (Okl.Cr.1995); *Fox v. State,* 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995). This Court does not consider an issue which was raised on direct appeal (and is therefore *res judicata*), or an issue which could have been raised on direct appeal but which was not (and is therefore waived). *Allen,* 909 P.2d at 838; *Thomas v. State,* 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State,* 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

## III.

In his first proposition of error, Petitioner claims he received ineffective assistance of counsel at the trial level. He bases this on a number of alleged failures: failure to investigate, prepare or present adequate mitigating evidence and failure to request instructions reflecting mitigation actually found by the trial court; failure to object to the use of highly prejudicial manufactured hearsay evidence; failure to impeach testimony which showed that Petitioner threatened the entire McGuire family, not just the victim; failure to object to other-crimes evidence; failure to object to the inclusion of first-stage evidence in the second stage of his trial; failure to prevent Petitioner from absenting himself from the second-stage proceedings of his own trial; failure to properly pursue a motion for change of venue; failure to impeach the testimony of a witness who testified Petitioner had threatened to kill the victim; failure to request an instruction on second degree murder; and failure to object to a demonstration by the prosecutor.

## A.

■ We addressed the following to some extent on direct appeal: the change of venue issue (trial court erred in failing to grant), *Brown,* 871 P.2d at 61–62; the lesser included offense of second degree murder (failure of the court to give), *id.* at 66; other crimes evidence, *id.* at 66–67; absence of Petitioner in the courtroom during second-stage proceedings, *id.* at 69–72; introduction of first-stage evidence into the second stage, *id.* at 72; and failure to list certain mitigating evidence in the instruction to the jury, *id.* at 74. Consequently, these arguments are *res judicata,* and we shall not consider them again. *Berget v. State,* 907 P.2d 1078, 1081 (Okl.Cr. 1995).

■ We find other sections of the above complaints and the following sections of the first proposition waived, as they could have been raised during direct appeal, but were not: failure to object to the use of highly prejudicial manufactured hearsay evidence; failure to impeach testimony which showed that Petitioner threatened the entire McGuire family, not just the victim; failure to impeach the testimony of a witness who testified Petitioner had threatened to kill the victim; and failure to object to a demonstration by the prosecutor. *Allen,* 909 P.2d at 839; *Berget,* 907 P.2d at 1084.

## B.

All that remains is the first portion of Petitioner's first proposition, that trial counsel was ineffective because he failed to adequately investigate, prepare and present mitigating evidence. Toward that end, Petitioner presented to the district court several affidavits from people who stated they could have presented additional mitigating evidence, but did not; either because they were not approached, or trial counsel did not explain the significance of the evidence to them to allow them to offer more. The second category of affidavits deals with Petitioner's psychological makeup. The trial court ruled this proposition had been waived, as it contained issues which either were raised or could have been raised on direct appeal.

### 1.

The presentation of evidence not contained in the record on direct appeal is governed by Rule 3.11, *Rules of the Court of Criminal Appeals,* 22 O.S., Ch. 18, App.. At the time of Petitioner's direct appeal, supplementation of the appeal record with such affidavits was not permitted, but a request for an evidentiary hearing on the issue of ineffective counsel could have been submitted to this Court. *Cf.* Rule 3.11, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1993, Ch. 18, App.; Rule 3.11, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, App.. This is not the first instance where this Court has been confronted with material which was not properly before the Court on direct appeal, but which is submitted under the guise of "new material," as a part of a post-conviction record. The plethora of claims arising under this guise forces us to more closely examine the source of the information being advanced on post-conviction claims.

■ *Berget* itself focuses on whether the material for which review is being sought is contained in the direct appeal record. *Id.* at 1084. But *Berget* does not depart from the basic rule requiring an appellant to raise an issue at the first available opportunity or risk losing that opportunity to waiver. *See id.* at 1080 ("We held in *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr.1985), that the provisions of 22 O.S.1981, Sec. 1080 et seq. are to be applied only to those claims which, for whatever reason, could not have been raised on direct appeal."). *See also id.* at 1080–81 ("Issues which were raised on direct appeal are barred from further consideration by res judicata, and issues which were not raised on direct appeal, but could have been, are waived."); *id.* at 1082–83 ("[A]llowing appellants carte blanche in deciding when such a claim can be raised only prolongs the appellate process, encouraging appellants to 'lay behind the log' instead of presenting their claims as soon as they become known. The result is endless delay and lack of finality in addressing an appellant's claim, and endless rehashing of the same issues under the guise of ineffective assistance."). An appellant cannot wait to raise a claim on post-conviction if the information underlying that claim could or should have been discovered within the time necessary to file a motion for a new trial based on newly discovered evidence.

■ In order to establish ineffective representation, Petitioner must prove both incompetence and prejudice. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's performance falls within the "wide range of professional assistance," *id.* at 689, 104 S.Ct. at 2065; Petitioner bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688–89, 104 S.Ct. at 2064–65. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689, 104 S.Ct. at 2065.

■ The materials contained in the affidavits presented to this Court may not have been known to trial counsel, but the information *was* known to *Petitioner* at trial. Petitioner surely knew of his early childhood, his having four fathers or stepfathers by the time he was 12 years old, and being mistreated by some of those men; his early foray into alcohol and drugs; and his inability to cope with his mother's descent from a drunkard to a prostitute, which included liaisons with men of other ethnic backgrounds.

As we noted in Petitioner's direct appeal, Appellant did not want to remain in the courtroom during the second stage of his trial, and threatened to disrupt proceedings if he were forced to. While discussing Petitioner's attitude with the court, defense counsel observed Petitioner had "cooperated in his defense in this case all—he's been very cooperative," and that counsel had advised Petitioner to remain in the courtroom during that phase of the trial. *Brown,* 871 P.2d at 71. Based on Petitioner's cooperative attitude to that point, counsel had no reason to believe Petitioner would not cooperate by failing to provide additional information. Consequently, counsel's actions do not show

this Court his representation was unreasonable under prevailing professional norms.

We addressed the same argument in *Roberts v. State*, 910 P.2d 1071 (Okl.Cr.1996). There, we said:

> We likewise hold Petitioner cannot show prejudice by counsel's perceived failure to more thoroughly investigate his case. Counsel presented a viable defense, and there is nothing to indicate any additional evidence counsel could have. obtained would have changed the outcome of the trial or the determination of punishment. Concerning mitigating evidence, counsel cannot be ineffective for failing to more fully develop Petitioner's life history, as Petitioner has not shown he presented such information to his attorney. Courts have historically held a defendant bears some burden of supplying counsel with necessary information within his knowledge. *See United States v. King*, 936 F.2d 477, 480 (10th Cir.), *cert. denied*, 502 U.S. 1008, 112 S.Ct. 647, 116 L.Ed.2d 664 (1991) (adequacy or reasonableness of attorney's action depends on defendant's own action or inaction); *United States v. Rhodes*, 913 F.2d 839, 844 (10th Cir.1990), *cert. denied*, 498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991) (same); *United States v. Miller*, 907 F.2d 994, 998 (10th Cir.1990) (same); *Brown v. State*, 871 P.2d 56, 76 (Okl.Cr.), *cert. denied*, 513 U.S. 1003, 115 S.Ct. 517–18, 130 L.Ed.2d 423 (1994) (quoting *Dooley v. Petsock*, 816 F.2d 885, 890–91 (3d Cir.1987) ("Trial counsel cannot be ineffective for failing to raise claims as to which his client has neglected to supply the essential underlying facts when those facts are within the client's possession; clairvoyance is not required of effective trial counsel.")). Accordingly, we find no merit to Petitioner's first proposition of error.

*Id.* at 1081. The same is true in Petitioner's case.

■■■ Concerning the "prejudice" prong under the *Strickland* analysis:

When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, absent the errors, the sentencer—including an appellate court, to the extent it independently reweighs the evidence—would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.

*Strickland*, 466 U.S. at 695, 104 S.Ct. at 2068–69. When making this determination, the court hearing a claim of ineffective assistance of counsel "must consider the totality of the evidence before the judge or jury" to determine whether the evidence "had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture," or whether the evidence would have had "an isolated, trivial effect." *Id.* at 695–96, 104 S.Ct. at 2069. A sentence "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696, 104 S.Ct. at 2069. In analyzing the prejudice prong, this Court must ask "if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.*

Under this standard, even had we found merit to the notion Petitioner's trial counsel's performance fell below reasonable professional norms, we could find no prejudice.

2.

■■■ This also resolves the materials presented to and submitted by the California psychologist who examined Petitioner. The psychologist stated in his affidavit Petitioner exhibited a nearly average range of intelligence, with mild impairment or brain dysfunction. The psychologist formed his opinion of Petitioner's psychological makeup based on interviews with Petitioner himself, and the affidavits discussed above. Therefore, this portion of the proposition is also waived, as this information either was or could have been obtained in earlier stages of the appellate process.[3]

---

**3.** This may not always be waived. The facts and circumstances of each individual case will deter-

mine whether this information and resulting opinion of a psychological expert could or should

For these reasons, the district court was correct in ruling this proposition waived.

## IV.

For his second proposition of error, Petitioner claims his direct appeal counsel was ineffective. We shall address the specifics of his argument, but first we review the law governing the disposition of this claim on post-conviction appeal.[4]

■ This Court has held the *Strickland* criteria applies to the question of effective counsel on direct appeal as well as at trial. *Mayes,* 921 P.2d at 370–72; *Allen,* 909 P.2d at 839; *Berget,* 907 P.2d at 1086, n. 12. Under that standard, an appellant must prove both (1) deficient performance and (2) prejudice. *Id.*

We have held performance by counsel is not deficient merely because he fails to raise every conceivable issue on direct appeal. *Allen,* 909 P.2d at 839; *see also Mayes,* 921 P.2d at 370–72 (quoting *Pelmer v. White,* 877 F.2d 1518, 1523 (11th Cir.1989), we observed "[b]ecause law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance.").

Concerning the prejudice prong, the Supreme Court, in interpreting *Strickland,* has held

[an appellant] alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S., at 687, 104 S.Ct., at 2064; *see also Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Nix v. Whiteside,* 475 U.S. [157], at 175, 106 S.Ct. [988], at

998[, 89 L.Ed.2d 123 (1986)]. Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him. *See [United States v.] Cronic,* 466 U.S. [648], at 658, 104 S.Ct. [2039], at 2046[ 80 L.Ed.2d 657 (1984) ].

*Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993) (footnote omitted).

Under this standard, there is no merit to Petitioner's complaint. Trial counsel was not ineffective. There being no constitutional error, appellant counsel was not ineffective for failing to raise it.

■ Petitioner next alleges appellate counsel was ineffective for failing to argue that the admission of unadjudicated offenses in the second stage of his trial undermined the reliability of his death sentence. In support of this proposition, Petitioner cites *Williamson v. Reynolds,* 904 F.Supp. 1529 (E.D.Ok.1995). This Court has rejected this argument before. *Roberts v. State,* 910 P.2d 1071, 1082–83 & 1083 n. 7 (Okl.Cr.1996). We do so again here. While it is true that the Supremacy Clause of the United States Constitution demands that state law yield to federal law, it is also true that neither the federal Supremacy Clause nor any other principle of law requires that this state court's interpretation of federal law give way to a lower federal court's interpretation. As pointed out by two justices in concurring opinions and at least one federal court of appeals, a state appellate court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located. *See Lockhart v. Fretwell,* 506 U.S. 364, 375–76, 113 S.Ct. 838, 846, 122 L.Ed.2d 180, 193

---

have been presented at an earlier time. *See Mayes v. State,* 921 P.2d 367, 369–72 (Okl.Cr. 1996), where we addressed the issue instead of holding it waived.

4. This writer continues to believe a cause-and-prejudice analysis is a more exact standard by which issues on post-conviction applications can be examined. *See Mayes v. State,* 921 P.2d 367, 372 n. 3 (Okl.Cr.1996).

(1993) (Thomas, J., concurring); *Steffel v. Thompson,* 415 U.S. 452, 482, n. 3, 94 S.Ct. 1209, 1227, n. 3, 39 L.Ed.2d 505 (1974) (Rehnquist, J., concurring); *United States ex rel. Lawrence v. Woods,* 432 F.2d 1072, 1075–1076 (7th Cir.1970), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971). If this Court follows the interpretation of a federal district court or a circuit court of appeals, it is because it chooses to do so, not because it is required to do so.

Petitioner also claims appellate counsel was ineffective because she failed to argue that the flight instruction given to the jury was flawed. In support, he cites *Mitchell v. State,* 876 P.2d 682 (Okl.Cr.1993), where we found fault with the instruction in some instances, and restricted usage of the instruction in jury trials. We will not review *Mitchell* on post-conviction. *Allen,* 909 P.2d at 838–39, n. 2.

Direct appeal counsel was also ineffective, Petitioner claims, because she failed to argue that Oklahoma's capital sentencing scheme does not meet constitutional standards. However, nowhere does Petitioner give this Court specific instances why counsel was ineffective for not raising the argument before, nor has he shown how failure to raise this argument undermines confidence in the direct appeal process. *Fretwell,* 506 U.S. at 368–71, 113 S.Ct. at 842–43, 122 L.Ed.2d at 189.

■ Petitioner next claims direct appeal counsel was ineffective for failing to raise the issue Oklahoma's death penalty scheme is cruel and unusual punishment, based on other developments in criminal jurisprudence and scientific analysis of the effects of the death penalty. In support of this argument, Petitioner cites the change of heart by then-Justice Blackmun in *Callins v. Collins,* 510 U.S. 1141, 114 S.Ct. 1127, 127 L.Ed.2d 435, 436–49 (1994), where he states the death penalty scheme in the United States is no longer workable. This dissent, along with the other dissents cited in support of this proposition, are not binding on any court in the United States, whether federal or state. To the extent the issue has been raised before, *Brown,* 871 P.2d at 74–75, this is *res judicata.* To the extent it was not

raised before, Petitioner has failed to show how failure to raise this argument undermines confidence in the direct appeal process. *Fretwell,* 506 U.S. at 368–71, 113 S.Ct. at 842–43, 122 L.Ed.2d at 189.

■ Finally, Petitioner claims direct appeal counsel was ineffective for failing to raise the issue that lethal injection is cruel and unusual punishment. This argument is waived on appeal, as Petitioner has presented nothing on appeal supporting his bald allegations lethal injection constitutes torture or lingering death. *See* 22 O.S.Supp.1995, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 3.5(A).

For the reasons given above, Petitioner's second proposition of error is without merit.

## V.

In his third proposition, Petitioner claims a report from the Oklahoma State Bureau of Investigation consisting of an interview of Inez Baker was withheld from his attorney. He claims that since the report contained possible exculpatory evidence, withholding the report was a violation of *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ This allegation is not preserved for post-conviction review. Initially, Petitioner has not shown why this proposition could not have been presented on direct appeal. It is therefore waived.

Additionally, Petitioner has failed to show this Court that the report in question was not received by defense counsel at the time of trial. In response to the State's pointing this out in its response brief, Petitioner replied the record reflects the State never denied it withheld the report. After reading Petitioner's reply brief, we fear Petitioner misunderstands the proper allocation of the burden of proof on post-conviction appeal. We shall now enlighten him.

■ There is a presumption of regularity in the trial court proceedings. *Simpson v. State,* 876 P.2d 690, 703 (Okl.Cr.

1994); *Allen v. State,* 871 P.2d 79, 99 (Okl.Cr. 1994); *Tuggle v. Page,* 427 P.2d 439, 441 (Okl.Cr.1967). As a consequence, it becomes the burden of the convicted defendant on appeal—whether on direct appeal or post-conviction—to present to this Court sufficient evidence to rebut this presumption. If the evidence contained in the report was indeed exculpatory—and, given the waiver of the issue, we do not rule on that point—we must presume that prosecutors, as officers of the court, would adhere to their oaths and disclose the exculpatory materials. There is nothing in the record before us indicating this was not done. In support of his bald allegation defense counsel did not receive the report, Petitioner cites to the report itself. There is nothing in the report itself indicating it was not given to defense counsel. In his reply brief, Petitioner does not provide additional citation, merely reasserting his claim the record shows the prosecution "never denied" it withheld the report. This is an insufficient citation of the record to support his allegation. *See* 22 O.S.Supp.1996, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 3.5(C).

 Also in his reply brief, Petitioner adds a single sentence at the end asserting that "in the alternative," "previous counsel" was ineffective. Petitioner fails to tell this Court which counsel he refers to, and he fails to provide either argument or citation of authority in support of his claim. Consequently, this claim—if it is one—is waived. *Mayes,* 921 P.2d at 372–74.

## VI.

For his fourth proposition of error, Petitioner claims he was precluded from receiving a fair trial and due process of law because racial prejudice in Chickasha was an external influence that caused the sole black juror on his panel to violate his oath.

 Petitioner has forfeited his right to have this Court consider this proposition. The Post–Conviction Act has been substan-

tially revised. *See* 22 O.S.Supp.1995, § 1089. In that revision, a petitioner files his application initially with this Court. However, the act in place at the time Petitioner filed his application required Petitioner to present his application first to the district court in which judgment and sentence was pronounced. *See* 22 O.S.1991, § 1089. An examination of the district court record presented to this Court on appeal reveals this proposition of error was not contained in the application presented to the district court.[5] This Court has held appeal from denial of a Motion for Post–Conviction Relief is not, among other things, an opportunity to raise novel issues. *Mann v. State,* 856 P.2d 992, 993 (Okl.Cr. 1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994). Accordingly, because Petitioner could have presented this issue to the district court, but did not, he has waived it for consideration in this Court.

## VII.

In his fifth proposition, Petitioner asserts that even if the foregoing propositions have no merit individually, their cumulative effect warrants relief. We deemed Appellant's first proposition waived, except for the portion dealing with failure to present adequate mitigating evidence. There, we found no merit to the complaint. Likewise, we found no merit to Petitioner's second proposition of error dealing with ineffective appellate counsel. Petitioner's third and fourth propositions were wholly waived. Finding no error in those portions subject to review, Petitioner's cumulative effect argument has no merit. *Roberts,* 910 P.2d at 1084.

## VIII.

In his sixth proposition of error, Petitioner contends the district court erred in denying his motion for discovery. Petitioner made application for discovery under 22 O.S.Supp. 1994, §§ 2001–2002. The scope of the discovery requested must necessarily depend on the scope of issues which can be considered by the reviewing court. Post-conviction is a

---

**5.** The record reveals that Petitioner's brief presented to the district court contains no proposition 4, going from proposition 3 (the alleged *Brady* violation) to proposition 5 (ineffective ap-

pellate counsel). Despite this omission of a fourth proposition, the pages in the original record are in their proper sequential order; there is no missing page.

collateral appeal, not a substitute for a direct appeal; and the scope of issues which can be considered is narrower. It logically follows that materials sought to be discovered must be related to matters which are a proper part of the post-conviction procedure. Therefore, general provisions concerning discovery in a criminal case such as those contained in 22 O.S.Supp.1994, §§ 2001–2002 must be viewed in conjunction with the narrowed scope of inquiry as delineated in our statutes and caselaw interpreting post-conviction proceedings.

Here, Petitioner made no attempt to narrow the field of materials he sought. A review of the record shows Petitioner's request for materials included not only *Brady*-related materials, but "any law enforcement reports, in any form, from any law-enforcement agency which had any involvement with" the Eldon Brown homicide investigation. He made no attempt to delineate the type of discovery he requested, nor did he state how he believed such materials would be helpful to him in pursuing his application for post-conviction relief.

■ We refuse to set down bright-line rules governing the discovery in post-conviction applications, especially under a statute which has been substantially modified and is limited only to the few cases such as Petitioner's which remain before this Court. Suffice it to say that in the record before us, Petitioner wholly failed to make a threshold showing to the district court that any discovery related to post-conviction issues was necessary. Absent such a threshold showing, the district court did not err in denying Petitioner's motion for discovery.[6]

### IX.

■ For his seventh proposition of error, Petitioner alleges the district court erred by failing to hold an evidentiary hearing. Evidentiary hearings at the post-conviction relief level must be held only when there exists "a material issue of fact." 22 O.S.1991, § 1083(b). However, the district court can receive proof by affidavits, depositions, oral testimony or other evidence, which it did. 22 O.S.1991, § 1084. Here, we find nothing "which required proof not contained in those records" before the district court. *Allen,* 909 P.2d at 840 (quoting *Johnson v. State,* 823 P.2d 370, 373–74 (Okl.Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992)). Since an evidentiary hearing is not otherwise required, *Allen* at 841, the district court did not err in deciding the claims without an evidentiary hearing. *See also Moore v. State,* 889 P.2d 1253, 1258 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fox,* 880 P.2d at 385.

### X.

For his eighth and last proposition of error, Petitioner complains the district court erred in denying his *pro se* motion for a crime scene reconstruction expert. The record shows Petitioner filed his motion with the district court on June 2, 1995, less than a month after his attorney filed the application for post-conviction relief. There is nothing in the record indicating his attorney joined in urging the motion to the district court.

■ This Court has long held a defendant is entitled to representation by an attorney. He is also entitled to represent himself. However, he is not entitled to hybrid representation. *Bowie v. State,* 906 P.2d 759, 763 (Okl.Cr.1995); *Johnson v. State,* 761 P.2d 484, 489 (Okl.Cr.1988); *Stiner v. State,* 539 P.2d 750 (Okl.Cr.1975). *See also McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984) ("*Faretta* [*v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding a defendant is entitled to represent himself at trial] does not require a trial judge to permit 'hybrid' representation.")). Therefore, as Petitioner was represented by counsel, the district court did not err in denying his *pro se* request, as the request was not properly before the court.

Accordingly, the order of the district court denying post-conviction relief is **AFFIRMED.**

---

6. We note that such a holding conforms to the rationale we have enunciated in interpreting the revised statute. *See Hatch v. State,* 924 P.2d 284, 293–96 (Okl.Cr.1996).

CHAPEL and JOHNSON, P.JJ., and
LANE, J., concur.

STRUBHAR, V.P.J., concurs in result.