Marilyn Kay PLANTZ, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–95–956.

Court of Criminal Appeals of Oklahoma.

March 26, 1997.

Sue Wycoff, Oklahoma Indigent Defense System, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General, Sandra Howard, Assistant Attorney General, Oklahoma City, for the State.

### OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner Marilyn Kay Plantz has appealed to this Court from an order of the District Court of Oklahoma County denying her application for post-conviction relief in Case No. CRF 88–4781. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Plantz v. State*, 876 P.2d 268 (Okl.Cr.1994). Rehearing was denied by this Court July 5, 1994. The United States Supreme Court subsequently denied certiorari review. *Plantz v. Oklahoma*, — U.S. —, 115 S.Ct. 1130, 130 L.Ed.2d 1091 (1995). On July 21, 1995, Petitioner filed an application for post-conviction relief with the District Court of Oklahoma County. In an order dated August 18, 1995, post-conviction relief was denied. It is that denial which Petitioner now appeals.

■ The Post–Conviction Procedure Act sets forth the procedures for a defendant to challenge his or her conviction and sentence after resolution of the direct appeal. 22 O.S. 1991, § 1080–1089 [1]. All grounds for relief must be raised in the original, supplemental or amended application unless the petitioner shows sufficient reason why a ground for relief was not previously asserted or that a ground for relief was inadequately raised in a prior application. The Post–Conviction Procedure Act is not intended to provide a second appeal. *Fox v. State*, 880 P.2d 383, 385 (Okl.Cr.1994); *Ellington v. Crisp*, 547 P.2d 391, 393 (Okl.Cr.1976). This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*, nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not. *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128

L.Ed.2d 490 (1994); *Hale v. State*, 807 P.2d 264, 266–67 (Okl.Cr.1991). Therefore, we will not address Petitioner's propositions which are barred by waiver or *res judicata*.

In Proposition One, Petitioner argues the District Court erred in finding her claim of ineffective assistance of trial counsel for failing to present available mitigation evidence *res judicata*. She asserts this claim of ineffective assistance of trial counsel has not been raised previously, and appellate counsel's failure to assert this deficient performance of trial counsel constitutes ineffective assistance of appellate counsel and precludes any argument that claims regarding ineffective assistance of counsel are waived.

■ On direct appeal, Petitioner raised an ineffective assistance of counsel claim under the auspices of trial court error in failing to grant her request for a state-funded investigator. She argued any failure by trial counsel to make the requisite showing to support such a request denied her the right to effective assistance of counsel. In reviewing the claims, this Court found trial counsel had in fact failed to make a sufficient showing of need for a state-funded expert. However, as no resulting prejudice was shown, the omission was not indicative of ineffective assistance of counsel.

In her application for post-conviction relief, Petitioner asserts that trial counsel was ineffective for failing to thoroughly interview and question on the witness stand her sisters and for failing to present evidence of her psychological profile and low intelligence quotient. The District Court's finding that this claim was *res judicata* based upon our rejection of the ineffective assistance of counsel claim for failing to make the requisite showing for a state funded expert was error. Petitioner's post-conviction claim, although dealing with ineffective assistance of trial counsel, is different in nature from that raised on direct appeal. Therefore, the issue has not been

---

1. A completely redesigned post-conviction procedure has gone into effect since Petitioner's case was filed. *See* 22 O.S.Supp.1995, §§ 1088.1, 1089; 22 O.S.Supp.1996, Ch. 18, app. *Rules of the Court of Criminal Appeals*, Rule 9.7. Petitioner's case was filed under the post-conviction procedure which existed before the new law went into effect on November 1, 1995. In noting this change, we in no way express whether or not Petitioner's claims would be viable under the new post-conviction procedure act.

previously raised and adjudicated and the principle of *res judicata* does not apply.

■ To support her claim of ineffective counsel, Petitioner presented to the District Court several affidavits. The affidavits fall into two broad categories: those which recount Petitioner's childhood and those dealing with her psychological makeup. The former consist of statements from Petitioner's three sisters and describe her childhood growing up in a poor household of six children where the father was a strict disciplinarian, abusive and domineering. These affidavits also describe Petitioner's relationship with her husband, calling him possessive, abusive and jealous. Two of the sisters testified at trial and stated in their affidavits that if asked the questions in the affidavit at trial, would have so testified. The third sister did not testify at trial and states in her affidavit that she was not contacted to testify but if she had been called she would have testified to the same information contained in her affidavit.

The information concerning Petitioner's childhood was information within Petitioner's own personal knowledge. It was information she could have shared with trial counsel, but did not. The failure to present additional mitigating evidence, evidence which was known by Petitioner, is a claim which could have been brought on direct appeal, but was not. Therefore, further consideration of the issue is waived. *Brown v. State,* 933 P.2d 316 (Okl.Cr.1997).

■ The other affidavit presented is from Dr. Pamela Fischer who examined Petitioner in the summer of 1995, more than six years after trial. Dr. Fischer determined that Petitioner had a borderline intelligence quotient, was inhibited in personal relationships and social situations and exhibited signs of insecurity and fear of abandonment. Dr. Fischer found Petitioner's personality was not consistent with that of a typical criminal personality and that given her limited intellectual capacity and her personality style it was highly improbable she was capable of

creating a scheme to murder her husband. This portion of the proposition is also waived, as this information either was or could have been obtained in earlier stages of the appellate process. *Id.*[2]

We now turn to Petitioner's argument that direct appeal counsel was ineffective for failing to raise these issues on appeal. This Court has held the *Strickland* criteria applies to the question of effective counsel on direct appeal as well as at trial. *Allen v. State,* 909 P.2d 836, 839 (Okl.Cr.1995); *Berget v. State,* 907 P.2d 1078, 1086, n. 12 (Okl.Cr.1995). Under that standard, an appellant must prove both (1) deficient performance and (2) prejudice. *Id.*

At the time that Petitioner's direct appeal was filed, the rules of this Court did not provide for supplementation of the record with affidavits such as are included here. The rules did allow affidavits to support an allegation of a "rare case of extreme necessity" requiring an evidentiary hearing in the trial court. Rule 3.11, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1993, Ch. 18, App.; Rule 3.11, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, App. Therefore, appellate counsel cannot be found ineffective for failing to do something which the court rules did not allow. Nothing in the affidavits support a finding of a "rare case of extreme necessity."

Further, we have held performance by counsel is not deficient merely because he or she fails to raise every conceivable issue on direct appeal. *Allen,* 909 P.2d at 839; *see also Mayes,* 921 P.2d at 372 (quoting *Pelmer v. White,* 877 F.2d 1518, 1523 (11th Cir.1989), we observed "[b]ecause law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance").

Concerning the prejudice prong, the Supreme Court, in interpreting *Strickland,* has held:

**2.** This may not always be waived. The facts and circumstances of each individual case will determine whether this information and resulting opinion of a psychological expert could or should

have been presented at an earlier time. *See Mayes v. State,* 921 P.2d 367, 370–71 (Okl.Cr. 1996), where we addressed the issue instead of holding it waived.

[an appellant] alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland [v. Washington,]* 466 U.S. [668] at 687, 104 S.Ct. [2052] at 2064 [80 L.Ed.2d 674 (1984)]; *see also Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Nix v. Whiteside,* 475 U.S. [157], at 175, 106 S.Ct. [988], at 998[, 89 L.Ed.2d 123 (1986)]. Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him. *See [United States v.] Cronic,* 466 U.S. [648], at 658, 104 S.Ct. [2039], at 2046 [80 L.Ed.2d 657 (1984)].

*Lockhart v. Fretwell,* 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993) (footnote omitted).

Under this standard, there is no merit to Petitioner's complaint. Petitioner has failed to show how appellate counsel's failure to raise these arguments undermines confidence in the direct appeal process. *Fretwell,* 506 U.S. at 368–71, 113 S.Ct. at 842–43, 122 L.Ed.2d at 189. This allegation is therefore denied.

In her second proposition of error, Petitioner claims appellate counsel was ineffective for failing to raise a claim on direct appeal that the photographs were improperly admitted. We have reviewed Petitioner's claim and find the failure to raise it on direct appeal does not undermine our confidence in the direct appeal process. *Fretwell,* 506 U.S. at 368–71, 113 S.Ct. at 842–43, 122 L.Ed.2d at 189.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby **AFFIRMED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., and LANE, J., concur in results.