**Daniel Juan REVILLA, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–96–1023.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1997.

Sue Wycoff, Oklahoma Indigent Defense System, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General of Oklahoma, Sandra D. Howard, Chief, Criminal Appeals, Assistant Attorney General, Oklahoma City, for the State.

*OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF*

LUMPKIN, Judge:

Petitioner Daniel Juan Revilla has appealed to this Court from an order of the District Court of Jackson County denying his application for post-conviction relief in Case No. CRF–87–18. Petitioner's first degree murder conviction and death sentence were af-

firmed by this Court in *Revilla v. State*, 877 P.2d 1143 (Okl.Cr.1994). Rehearing was denied by this Court June 15, 1994. The United States Supreme Court subsequently denied certiorari review. *Revilla v. Oklahoma*, 513 U.S. 1096, 115 S.Ct. 764, 130 L.Ed.2d 661 (1995). Petitioner's application for post-conviction relief was filed in the District Court of Jackson County, May 8, 1995. Relief was denied on August 20, 1996. It is that denial which Petitioner now appeals.

■ This Court's consideration of claims on post-conviction is strictly limited by the provisions of the Uniform Post–Conviction Procedure Act. 22 O.S.1991, § 1080–1089 [1]. All grounds for relief must be raised in the original, supplemental or amended application unless the petitioner shows sufficient reason why a ground for relief was not previously asserted or that a ground for relief was inadequately raised in a prior application. The Post–Conviction Procedure Act is not intended to provide a second appeal. *Fox v. State*, 880 P.2d 383, 384–385 (Okl.Cr.1994); *Ellington v. Crisp*, 547 P.2d 391, 393 (Okl.Cr. 1976). The application of the act is limited to only those claims which, for whatever reason, could not have been raised on direct appeal. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr. 1985). This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata* nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not. *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct.1869, 128 L.Ed.2d 490 (1994); *Hale v. State*, 807 P.2d 264, 266–67 (Okl.Cr. 1991). Therefore, we will not address Petitioner's propositions which are barred by waiver or ·*res judicata*. An exception to these rules exists when the court finds a ground for relief asserted which "for sufficient reason was not asserted or was raised inadequately in the prior application for post-conviction relief or when an intervening change in constitutional law impacts the

judgment and sentence." *Bryson v. State*, 903 P.2d 333, 334 (Okl.Cr.1995); *Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.), *cert. denied*, 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992); 22 O.S.1991, § 1086.

■ In his first proposition of error, Petitioner asserts that he is entitled to a new trial because the manner in which his jury was instructed improperly lessened the State's burden to prove every element of the offense. Specifically, he claims the instructions defining the terms "willfully" and "maliciously" in the context of child abuse murder were misleading and confusing and negated the statutory *mens rea* requirement. He further contends that *Hockersmith v. State*, 926 P.2d 793 (Okl.Cr.1996) constitutes an intervening change in constitutional law which entitles him to relief.

On direct appeal, Petitioner raised several challenges to the instructions, but he did not challenge the instructions on the basis that the definition of the term "willful" removed the intent element of the offense from the jury's consideration. Therefore, Petitioner has waived the issue for post-conviction review unless he can establish sufficient reason why the ground for relief was not asserted or was raised inadequately in the prior application for post-conviction relief or that it is an intervening change in constitutional law which impacts the judgment or sentence. 22 O.S.1991, § 1086.

*Hockersmith* does not represent an intervening change in the law. It relied upon established case law stating that in order to establish a violation of 21 O.S.1981 § 701.7(C), the State must establish all the elements of child abuse murder under 21 O.S.1981, § 843 beyond a reasonable doubt. The Court then merely applied that law to the specific facts before it. Further, we find *Hockersmith* is not a new rule of constitutional law as it does not "break new ground or impose(s) a new obligation on the States or Federal Government" and as its result

---

1. A completely redesigned post-conviction procedure has gone into effect since Petitioner's case was filed. *See* 22 O.S.Supp.1995, §§ 1088.1, 1089; 22 O.S.Supp.1996, Ch. 18, app. *Rules of the Court of Criminal Appeals*, Rule 9.7. Petitioner's case was filed under the post-conviction

procedure which existed before the new law went into effect on November 1, 1995. In noting this change, we in no way express whether or not Petitioner's claims would be viable under the new post-conviction procedure act.

was dictated by precedent existing at the time appellant's conviction became final. *Walker v. State*, 933 P.2d 327 (Okl.Cr.1997) (citing *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). The decision in *Hockersmith* merely applied established law to the particular facts of the case. Therefore, as *Hockersmith* does not represent an intervening change in the law, Petitioner has failed to establish a sufficient reason why his claim was not raised on direct appeal. His failure to do so has waived consideration of the issue on post-conviction.

■ In his second proposition of error, Petitioner asserts the District Court erred in denying his claim of ineffective assistance of trial counsel because of counsel's failure to request an expert psychiatric witness. Petitioner further claims that if this error should have been raised on direct appeal, appellate counsel was ineffective for failing to raise the error.

This claim of ineffective assistance of trial counsel was not raised on direct appeal, but it could have been. The claim relies on facts which can be discerned by a review of the record and upon facts within Petitioner's own personal knowledge. Therefore, such claims must be raised on direct appeal or they are waived. *Brown v. State*, 933 P.2d 316 (Okl. Cr.1997).

■ Turning to Petitioner's argument that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of counsel on direct appeal, this Court has held the criteria set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to the question of effective counsel on direct appeal as well as at trial. *Allen v. State*, 909 P.2d 836, 839 (Okl.Cr.1995); *Berget v. State*, 907 P.2d 1078, 1086, n. 12 (Okl.Cr.1995). Under that standard, an appellant must prove both (1) deficient performance and (2) prejudice. *Id.*

■ Performance by counsel is not deficient merely because he or she fails to raise every conceivable issue on direct appeal. *Allen*, 909 P.2d at 839; *see also Mayes v. State*, 921 P.2d 367, 372 (Okl.Cr.1996) (quoting *Pelmer v. White*, 877 F.2d 1518, 1523 (11th Cir.1989), we observed "[b]ecause law is not

an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance").

Concerning the prejudice prong, the Supreme Court, in interpreting *Strickland*, has held:

> [an appellant] alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S., at 687, 104 S.Ct., at 2064; *see also Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Nix v. Whiteside*, 475 U.S. [157], at 175, 106 S.Ct. [988], at 998[, 89 L.Ed.2d 123 (1986)]. Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him. *See [United States v.] Cronic*, 466 U.S. [648], at 658, 104 S.Ct. [2039], at 2046[, 80 L.Ed.2d 657 (1984)].

*Lockhart v. Fretwell*, 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993) (footnote omitted).

Under this standard, there is no merit to Petitioner's complaint. Petitioner has failed to show how appellate counsel's failure to raise this argument was deficient performance and undermines confidence in the direct appeal process. *Fretwell*, 506 U.S. at 369–70, 113 S.Ct. at 842–43, 122 L.Ed.2d at 189. This allegation is therefore denied.

■ In his third proposition of error, Petitioner contends the District Court erred in denying his claim that his due process rights were violated by the use of unadjudicated acts to support the continuing threat aggravator. On direct appeal, Petitioner asserted

the evidence was insufficient to support the aggravator of "continuing threat". This Court rejected the claim finding the evidence sufficient. On post-conviction, Petitioner argued to the District Court that his rights were violated when the State presented evidence of unadjudicated bad acts to support the "continuing threat" aggravator. The District Court in effect found the claim *res judicata*, citing to a statement in this Court's opinion on direct appeal that "this aggravating circumstance (continuing threat) may also be proved by evidence of unadjudicated criminal acts." (O.R.814 citing *Revilla*, 877 P.2d at 1156.) Petitioner now argues to this Court the District Court improperly relied on dicta from his direct appeal in finding the claim to be *res judicata*.

On direct appeal, Petitioner challenged both the sufficiency of the evidence supporting the "continuing threat" aggravator and the constitutionality of the aggravator. Therefore, his current claim challenging the use of unadjudicated acts to support the "continuing threat" aggravator is *res judicata* and we find no error in the District Court's ruling.

 In his final assignment of error, Petitioner contends the District Court erred in denying his claim that the use of the aggravator "especially, henious, atrocious or cruel" in conjunction with the charge of child abuse murder violates the Eighth and Fourteenth Amendments because the elements of the two are virtually identical and thus the aggravator does not narrow the class of those who should be sentenced to death. On direct appeal, Petitioner challenged the constitutionality of the "especially henious, atrocious or cruel" aggravator. This Court found the narrowed construction of the aggravator was applied in a constitutional manner. 877 P.2d at 1155. Insofar as Petitioner's current claim is the same as was raised on direct appeal, it is *res judicata*. Any difference in the claims renders the post-conviction claim waived as it could have been raised on direct appeal but was not. Accordingly, consideration of this proposition on its merits on post-conviction is procedurally barred.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby **AFFIRMED**.

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., and LANE, J., concur in results.