38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Lee SACK, Petitioner,
v.
Ron CHAMPION, Warden; Attorney General of the State of
Oklahoma, Respondents.
 No. 94-7018.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner David Lee Sack, an Oklahoma prisoner, appeals the dismissal of his federal habeas petition, filed pursuant to 28
 
 
 4
 U.S.C. 2254. The district court dismissed the petition on grounds of state procedural default. We exercise jurisdiction under 28 U.S.C. 2253 and reverse and remand for further proceedings.
 
 
 5
 Petitioner was involved in a car accident in 1990 that resulted in the death of the driver of another vehicle. A test of petitioner's blood revealed the presence of a drug called phentermine hydrochloride, and a blood-alcohol content of .08. Petitioner pleaded guilty to second degree murder, after former conviction of two felonies. He also pleaded guilty to knowingly possessing an Oklahoma driver's license with a photograph of a person other than the named person, based on the discovery of a fake driver's license in his car. Petitioner received concurrent sentences of forty years for the second degree murder conviction, and twenty years for the driver's license conviction. He made no attempt to withdraw his guilty pleas, nor did he file a direct appeal.
 
 
 6
 He did file an application in state court for post-conviction relief, however, attacking the validity of his pleas. Petitioner argued, among other things, that his attorney was deliberately ineffective, acting in conspiracy with the prosecution to convict him. Denying the post-conviction application, the state district court concluded that petitioner was competent during the plea proceeding, his pleas were voluntary, and he was procedurally barred from raising any other issues because he failed to file a direct appeal.
 
 
 7
 On appeal, petitioner argued that his failure to appeal should be excused by his own mental incompetency and by the fact that his pleas were coerced by his own attorney, who had deliberately misrepresented the evidence and the law. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief, ruling that a post-conviction action is not a substitute for a direct appeal and that petitioner failed to show that he "was denied a direct appeal through no fault of his own." Smith v. State, 611 P.2d 276, 277 (Okla.Crim.App.1980); see Okla. Stat. tit. 22, 1086.
 
 
 8
 Petitioner then filed the present federal habeas corpus petition, raising twenty-six grounds for relief.[2] Addressing respondents' procedural bar defense, petitioner argued, among other things, ineffective assistance of counsel on appeal. He claimed that he was not advised of his right to appeal at the state's expense, with the assistance of appointed counsel, that his counsel failed to advise him of the pros and cons of appealing, and that his attorney conspired with the prosecution to coerce him to plead guilty. Petitioner also argued that the application of the procedural bar would result in a fundamental miscarriage of justice, because, as he was merely a passenger in his automobile at the time of the accident, he is factually innocent.
 
 
 9
 The matter was referred to a magistrate judge, see 28 U.S.C. 636(b)(1)(B), who found that petitioner was procedurally barred under Oklahoma law from raising all of his claims in a collateral attack, including his ineffective assistance of counsel claim, because he had failed to raise the claims in a direct appeal from his criminal conviction. The magistrate judge further found that petitioner "failed to adequately show cause, prejudice, or a fundamental miscarriage of justice in order to overcome the state's procedural bar." R. 21, at 2. The district court adopted the magistrate judge's recommendation to deny the habeas petition.
 
 
 10
 On appeal, many of petitioner's arguments address the merits of the numerous Fourth, Sixth, and Fourteenth Amendment violations that allegedly occurred in the underlying criminal action. This court, of course, cannot reach the merits of petitioner's federal habeas claims without addressing the procedural bar issue. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Relevant to his procedural default, petitioner argues that the state inadequately applies its bar to ineffective assistance of counsel claims; he received ineffective assistance of counsel on appeal because his attorney coerced him to plead guilty and failed to assist him on appeal; he was incompetent to appeal; and he is actually innocent of the charges of which he has been convicted. Also, unrelated to the procedural default issue, petitioner faults the district court for erroneously denying his motion for appointment of counsel and failing to review the magistrate judge's recommendation and the record de novo.
 
 
 11
 We reject petitioner's argument that the district court erroneously denied his motion for appointed counsel. "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and ... generally appointment of counsel in a 2254 proceeding is left to the court's discretion." Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir.1994). The district court did not abuse its discretion in denying petitioner's motion.
 
 
 12
 We also reject petitioner's argument that the district court erred in reviewing the magistrate judge's recommendation. When a party files timely written objections to a magistrate judge's report, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1)(C); see also Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir.1991)("De novo review is statutorily and constitutionally required...."). Here, although the district court did not recite that it reviewed de novo, the court did state that it had fully considered the issues and the entire record. The court acknowledged petitioner's objections to the magistrate judge's report and found them meritless. Additionally, the court found that the magistrate judge's recommendations were documented and supported by the record. There are no circumstances indicating that the district court failed to review de novo.
 
 
 13
 Next, we consider whether the district court erred in failing to reach the merits of petitioner's federal habeas claims. Because petitioner failed to file a direct appeal, he was procedurally barred from raising his federal constitutional claims on state post-conviction application. If the state refused to hear his claims pursuant to an adequate and independent state procedural rule, federal habeas review of his claims is barred unless petitioner can show cause and prejudice, or a fundamental miscarriage of justice. Coleman, 111 S.Ct. at 2565.
 
 
 14
 The Fourteenth Amendment requires a state " 'to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.' " Pennsylvania v. Finley, 481 U.S. 551, 556 (1987)(quoting Ross v. Moffitt, 417 U.S. 600, 616 (1974)). In some circumstances, a criminal defendant cannot fairly be expected to raise an ineffective assistance claim on direct appeal. See Kimmelman v. Morrison, 477 U.S. 365, 378 (1986). "Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation." Id. The Court explained that "[a] layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case." Id. (citation omitted).
 
 
 15
 This circuit has noted another obstacle to raising ineffective assistance claims on direct appeal. "[I]neffectiveness claims are ordinarily inappropriate to raise on direct appeal because they require additional fact-finding." Osborne v. Shillinger, 861 F.2d 612, 623 (10th Cir.1988). In Osborne, we reached an ineffective assistance of trial counsel claim in a 28 U.S.C. 2254 habeas proceeding that the petitioner did not raise on his direct appeal. Id. We did not expect the petitioner to have raised the claim on direct appeal because the claim could not have been made on the basis of the trial record, and the claim was predicated on the ineffectiveness of the counsel who continued to represent petitioner on direct appeal. Id.
 
 
 16
 In the present case, petitioner's ineffective assistance of trial counsel claim is predicated on the failures of the same counsel who, he claims, should have advised him of the pros and cons of appealing, including that he could appeal without cost, with new appointed counsel. It follows from Osborne that when an ineffective assistance of trial counsel claim is predicated upon the counsel who handled the appeal or should have handled the appeal, in case none was taken, it is not realistic to expect that such a claim be raised on direct appeal. Additionally, when the ineffective assistance claim is based on alleged communications that either occurred off the record, or did not occur at all and thus went unrecorded, there is further reason to allow the claim to be raised for the first time collaterally.
 
 
 17
 Therefore, if Oklahoma bars collateral review of ineffective assistance claims, like petitioner's, that realistically could not have been raised on direct appeal--and it is not even clear that Oklahoma consistently applies such a bar--that bar would be inadequate to preclude federal habeas review of the ineffective assistance claims. Compare Webb v. State, 835 P.2d 115, 117 (Okla.Crim.App.1992)(requiring post-conviction petitioner to show that ineffectiveness of counsel claim could not have been raised earlier) with Coleman v. State, 693 P.2d 4, 6 (Okla.Crim. App.1984)(reaching ineffective assistance of trial counsel claim asserted for first time in post-conviction action, without addressing whether the claim could have been raised on direct appeal). The district court should on remand reach petitioner's ineffective assistance of trial counsel claims. To prevail in challenging his guilty pleas on the basis of ineffective assistance, petitioner "must show that counsel's representation fell below an objective standard or reasonableness," Hill v. Lockhart, 474 U.S. 52, 57 (1985), and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," id. at 59. Accordingly, we REVERSE the dismissal of petitioner's complaint and REMAND for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Respondents have not asserted an exhaustion defense