**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID LEE SACK,

      Petitioner-Appellant,

v.

RON CHAMPION, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 97-7017
(D.C. No. 92-CV-586-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals the district court's decision dismissing his habeas claims as procedurally barred. Petitioner pleaded guilty to second degree murder, see Okla. Stat. Ann. tit. 21, § 701.8, and possession of a fictitious driver's license, see id. tit. 47, § 6-301(2)(c), both after two or more former felony convictions. He did not file a motion to withdraw his guilty plea nor did he pursue a direct appeal. He did file a petition for state post-conviction relief, which the state court denied, after ruling that petitioner was procedurally barred from seeking post-conviction relief because he had failed to take a direct appeal.

Petitioner then filed a federal habeas petition, see 28 U.S.C. § 2254, asserting numerous grounds for relief. The district court dismissed these claims as procedurally barred, based upon petitioner's failure to take a direct appeal. This court vacated that decision and remanded the case for the district court to address petitioner's ineffective assistance of counsel claims. See Sack v. Champion, No. 94-7018 (10th Cir. Oct.19, 1994). On remand, the district court again dismissed petitioner's ineffective assistance claims as procedurally barred. We reverse that dismissal in part and remand for the district court to consider the merits of petitioner's claims.

In order to preclude federal habeas review, a state procedural bar must be both adequate and independent of federal law considerations. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). While there is no question that the

Oklahoma procedural bar at issue here is independent of federal law concerns, see Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994), it is not adequate to bar federal habeas review of petitioner's claims.

An adequate state law ground is one that state courts have applied strictly, regularly and consistently. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988). Such a rule must be firmly established and regularly followed, and must be applied to all similar claims in an evenhanded manner in the majority of cases. See Messer v. Roberts, 74 F.3d 1009, 1015 (10th Cir. 1996). Further, a state law ground will be inadequate if it deprives a criminal defendant of any meaningful review of his claims. See Brecheen, 41 F.3d at 1364. The question of when and how a state procedural default precludes federal habeas relief is a matter of federal law. See Johnson, 486 U.S. at 587.

On appeal, petitioner asserts four categories of claims. First, he argues that the trial court lacked subject matter jurisdiction over his prosecution, both because the trial court's docket sheet did not indicate that he had been arraigned and because the criminal informations charging his former felony convictions, both in this case and in his prior cases, were not verified as required by Oklahoma law. See generally Buis v. State, 792 P.2d 427, 428-31 (Okla. Crim. App. 1990) (when required under Oklahoma law, verification of charging document is jurisdictional prerequisite). Oklahoma courts have consistently held that issues

of subject matter jurisdiction are not waived by failing to raise them on direct appeal. See, e.g., Wallace v. State, 935 P.2d 366, 372 (Okla. Crim. App.), cert. denied, 117 S. Ct. 2489 (1997); Buis, 792 P.2d at 428. Thus, a state post-conviction determination that petitioner defaulted his jurisdictional claims by not raising them on direct appeal would not represent an adequate state procedural bar and, therefore, would not preclude federal habeas review. See Johnson, 486 U.S. at 587, 589 (state court's application of procedural bar, contrary to weight of state authority, was not adequate state law ground).

In this case, however, although petitioner characterizes these claims as jurisdictional, they do not, as a matter of law, implicate the trial court's subject matter jurisdiction. See, e.g., Lynch v. State, 909 P.2d 800, 804 (Okla. Crim. App. 1995) (Oklahoma statutory and case law does not require verification of second part of criminal information, charging prior convictions for sentence enhancement purposes); Henderson v. State, 743 P.2d 1092, 1095 (Okla. Crim. App. 1987) (irregularities in arraignment are not jurisdictional). Because Oklahoma courts consistently bar nonjurisdictional post-conviction claims that could have been, but were not, raised on direct appeal, see, e.g., Revilla v. State, 946 P.2d 262, 264 (Okla. Crim. App. 1997) (applying Oklahoma Uniform Post-Conviction Procedure Act, see Okla. Stat. Ann. tit. 22, §§ 1080-89), and

cases cited therein, the district court did not err in concluding that these claims are procedurally barred, based upon an adequate state law ground.

Further, because these claims are legally meritless, petitioner is unable to establish the prejudice necessary to enable the district court to address these defaulted claims. See Duvall v. Reynolds, No. 96-6329, 1997 WL 758810, at *26 (10th Cir. Dec. 10, 1997). Nor has he made the colorable showing of his factual innocence required to meet the fundamental miscarriage of justice exception to defaulted claims. See Demarest v. Price, No. 95-1535, 1997 WL 746288, at *20 (10th Cir. Dec. 3, 1997). The district court's denial of habeas relief on these claims is, therefore, affirmed.

In his second category of claims, petitioner asserts that he was incompetent at the time he entered his guilty plea. A state court determination that petitioner defaulted this claim by failing to raise it on direct appeal would not preclude federal habeas review. See Nguyen v. Reynolds, No. 96-5254, 1997 WL 693685, at *4 (10th Cir. Nov. 7, 1997); see also Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997) (addressing merits of § 2254 substantive due process claim that petitioner, at time he entered guilty plea, was incompetent to stand trial). On remand, the district court should address the merits of this issue.

Third, petitioner argues that his failure to file a motion to withdraw his guilty plea and to perfect a direct appeal was due to his attorney's ineffective representation. See generally Randall v. State, 861 P.2d 314, 315-16 (Okla. Crim. App. 1993) (addressing state procedure for attacking guilty plea through motion for withdrawal and on petition for certiorari to Oklahoma Court of Criminal Appeals). The state post-conviction court determined, nonetheless, that petitioner was barred from asserting these ineffective assistance claims because he had failed to take a direct appeal. This circular reasoning denied petitioner any meaningful opportunity for review of his claims that his attorney's ineffectiveness caused him to lose his direct appeal and, therefore, is inadequate to preclude federal habeas review. See Brecheen, 41 F.3d at 1364; see also Hannon v. Maschner, 981 F.2d 1142, 1145 (10th Cir. 1992); cf. Parkhurst v. Shillinger, 128 F.3d 1366, 1370-71 (10th Cir. 1997) (holding that petitioner's ineffective assistance claims were procedurally barred, where, although petitioner had opportunity to obtain equivalent of direct review of these claims in state post-conviction proceedings, he failed to pursue that opportunity).

On remand, therefore, the district court should address the merits of petitioner's claims alleging that his failure to move for the withdrawal of his guilty plea and his failure to pursue a direct appeal were the result of counsel's constitutionally ineffective representation. See generally Romero v. Tansy,

46 F.3d 1024, 1031 (10th Cir. 1995) (discussing analysis of claims that counsel's ineffectiveness resulted in criminal defendant's failure to perfect direct appeal). If counsel's ineffective assistance did result in petitioner's failure to perfect a direct appeal, this would also excuse petitioner's procedural default on the remainder of his § 2254 claims. See Romero, 46 F.3d at 1030 (if counsel's failure to perfect timely notice of appeal was ineffective assistance, then appellant has established both cause and prejudice sufficient to overcome any procedural bar to review of federal habeas claims).

In any event, habeas review of petitioner's fourth category of claims, those alleging that his guilty plea was the result of ineffective assistance of counsel, is not precluded. This court has held that state procedural rules that bar an ineffective assistance of trial counsel claim, when a defendant does not raise it on direct appeal, are inadequate to preclude federal habeas review, where those claims require fact finding beyond the appellate record and where the defendant is represented on direct appeal by the same attorney that represented him in the trial court. See Osborn v. Shillinger, 861 F.2d 612, 622-23 (10th Cir. 1988) (citing, e.g., Kimmelman v. Morrison, 477 U.S. 365 (1986)). This is just such a case.

This court's decision in Brecheen, 41 F.3d at 1362, 1363-64, supports this conclusion. See also Nguyen, 1997 WL 693685, at *5 n.3; Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995). In Brecheen, this court held that

Oklahoma's procedural bar requiring a criminal defendant to raise on direct appeal any claims alleging the ineffectiveness of trial counsel was inadequate to preclude federal habeas review where, although the petitioner was represented on direct appeal by an attorney other than his trial counsel, the petitioner did not have an opportunity to develop additional facts on direct appeal. See 41 F.3d at 1364.

Respondents argue that this court should overrule Brecheen and Osborn, in light of the Oklahoma Court of Criminal Appeals' decision in Berget v. State, 907 P.2d 1078 (Okla. Crim. App. 1995). As a three-judge panel, we are not authorized to overrule or otherwise disregard circuit precedent. See Williams v. City & County of Denver, 99 F.3d 1009, 1021 (10th Cir. 1996). Respondents further assert that this court has scheduled oral argument in two other appeals to consider Berget's effect on Brecheen. See Appellees' Br. at 12 (citing English v. Cody, No. 97-5004, and Masset v. Ogden, No. 97-5132). If, in resolving this issue in those pending appeals, this circuit modifies or alters the holdings in either Brecheen or Osborn, the district court should consider that new authority on remand.

The district court's decision dismissing petitioner's § 2254 claims alleging that the trial court lacked subject matter jurisdiction is AFFIRMED. In all other

respects, the district court's decision dismissing petitioner's § 2254 claims is REVERSED, and this cause is REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Michael R. Murphy
Circuit Judge