**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID LEE SACK,

      Petitioner - Appellant,

vs.

RON CHAMPION, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 00-7105
(D.C. No. 92-CV-586-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner-Appellant David Sack, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254.

Because Mr. Sack has failed to make "a substantial showing of the denial of a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In 1990, Mr. Sack pleaded guilty to second degree murder, Okla. Stat. Ann. tit. 21, § 701.8, and possession of a fictitious driver's license, id. tit. 47, § 6-301(2)(c), both after two or more felony convictions. The state court sentenced Mr. Sack to forty years on the second degree murder charge and twenty years on the fictitious driver's license charge, sentences to run concurrently. Aplt. App. at 22. Mr. Sack did not file a motion to withdraw his guilty plea, nor did he file a direct appeal. He did file a state post-conviction motion which the state court denied as procedurally barred. See Sack v. Champion, 133 F.3d 932, No. 97-7017, 1998 WL 3280, at *1 (10th Cir. Jan. 7, 1998) (reciting procedural history).

In 1992, Mr. Sack filed a federal habeas petition asserting several grounds for relief. Aplt. App. at 22. The district court dismissed the petition as procedurally barred. This court vacated that decision and remanded the case to the district court in order to address Mr. Sack's ineffective assistance of counsel claims. See Sack v. Champion, 38 F.3d 1220, No. 94-7018, 1994 WL 577526 (10th Cir. Oct. 21, 1994). On remand, the district court dismissed the claims once again as procedurally barred. We reversed that dismissal in part and remanded to the district court to consider the merits of Petitioner's claims regarding his competency at the time he entered his guilty plea and ineffective assistance of

counsel. <u>Sack v. Champion</u>, 1998 WL 3280, at \*2-4.

On remand, the district court appointed counsel to represent Mr. Sack and assigned the case to a magistrate judge to conduct an evidentiary hearing. The magistrate judge issued Findings and Recommendations ("F&R") finding/concluding that Mr. Sack was competent to enter his pleas, I R. Doc. 163, at 5, that Mr. Sack had failed to demonstrate any grounds for the setting aside of his pleas, <u>id.</u> at 7, and that he had not received ineffective assistance of counsel because his counsel performed competently under the circumstances and Mr. Sack could not demonstrate prejudice from the alleged omissions. <u>Id.</u> at 13, 17, 20, 21. Mr. Sack filed objections to the magistrate judge's report. <u>Id.</u> Doc. 167. After consideration of Mr. Sack's objections, the district court adopted the magistrate judge's F&R, <u>id.</u> Doc. 170, and denied Mr. Sack's request for a COA. <u>Id.</u> Doc. 172. We construe Mr. Sack's notice of appeal as a renewed application for a COA, as he urges in his brief, Aplt. Br. at 10. <u>See</u> Fed. R. App. P. 22(b)(2); I R. Doc. 171.

On appeal, Mr. Sack argues that (1) the district court framed the ineffective assistance issue solely as one of attorney competence, and did not address the attorney conflict, not only inherent in the facts, but squarely presented by appellant, (2) the district court's "findings and conclusions of attorney competence are clearly erroneous and fail[] to consider the egregiousness of a

single omission, or failure, or misrepresentation of a law or fact, and in totality, the necessary alteration of the voluntary, knowing and intelligent character the guilty plea must represent," (3) the State's imposition of cruel and unusual punishment rendered appellant incompetent to enter a knowing, voluntary and intelligent plea of guilt, and (4) the evidentiary hearing was neither full nor fair. See Aplt. Br. at 11, 18, 39, 41.

Given our standards of review, Mr. Sack has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Ineffective assistance of counsel claims are mixed questions of law and fact reviewed de novo. Smith v. Gibson, 197 F.3d 454, 461 (10th Cir. 1999). Underlying findings of fact made by the magistrate judge and adopted by the district court are accepted unless clearly erroneous. United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997). Likewise, the magistrate's finding of competency adopted by the district court is accepted unless clearly erroneous. Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995).

It does not appear that Mr. Sack raised the ineffective assistance of counsel claim based upon conflict of interest until his objections to the magistrate's F&R. Regardless, to prevail upon an ineffective assistance of counsel claim due to conflict and obtain a presumption of prejudice, Mr. Sack must demonstrate that

counsel represented actively conflicting interests and that an actual conflict of interest adversely affected counsel's performance. Strickland v. Washington, 466 U.S. 668, 692 (1984); Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Mr. Sack has shown neither–an ineffective assistance claim does not become a conflict claim merely because Mr. Sack strongly disagrees with counsel's handling of the case.

After having thoroughly reviewed the record on appeal and Mr. Sack's submissions to this court in light of the applicable standards, it is apparent that the findings by the magistrate judge are supported by the record and the legal conclusions follow.

Finally, Mr. Sack's claim that he did not receive a full and fair evidentiary hearing is meritless. He cannot demonstrate that the magistrate judge's decision to not sequester the witnesses during the hearing was an abuse of discretion or resulted in prejudice. See United States v. Greschner, 802 F.2d 373, 376 (10th Cir. 1986). Likewise, Mr. Sack's objections to an in-chambers conference where his counsel alerted the court to a potential ethical problem (Mr. Sack's inconsistent testimony) without Mr. Sack's presence, II R. at 172-74 (transcript of evidentiary hearing), did not render the proceedings fundamentally unfair. The exchange was brief, the magistrate reminded counsel of his attorney-client obligation, and counsel pursued the case competently.

We DENY Mr. Sack's request for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge